STATE OF MISSOURI, Respondent, v. JOHN JOHNSON et al., Appellants.

**Springfield Court of Appeals, April 4, 1912.**

1 **CRIMINAL LAW: Gaming: Information: Practice.** This case is similar in many respects to the case of State of Missouri v. Pete Brown et al., 163 Mo. App. 30. The same points were made by the defendants in this case as were made in the Brown case, and the rulings of the appellate court thereon are the same as in the Brown case.

2. ———: ———: **Sufficiency of Evidence.** Defendants were prosecuted and convicted of gaming. On appeal it was contended that the trial court should have given a peremptory instruction to the jury to find the defendants not guilty. The evidence is examined and *held* sufficient to justify the trial court in submitting the case to the jury; that the defendants had a fair trial and the judgment should be affirmed.

Appeal from Dade Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*Shafer & Wetzel* for appellants.

*Edwin Freize*, Prosecuting Attorney, and *William B. Skinner*, of counsel, for respondent.

NIXON, P. J.—Appellants were tried and convicted in the circuit court of Dade county, Missouri, on an information charging that "defendants Linville

Higgins, John Johnson and Wm. Long, on the 14th day of September, A. D. 1911, at the said county of Dade did then and there unlawfully bet a sum of money to-wit twenty-five cents at and upon a game of chance commonly called 'craps' then and there played with dice and a blanket, devices for playing games of chance for money and property contrary to the form of the statute,'' etc.

This case is similar in many respects to that of State of Missouri v. Pete Brown et al., decided this day. The informations in the two cases follow the same form, both cases were tried in the circuit court of Dade county on the same day, and the briefs in this court in the two cases are almost identical. Upon trial, defendants were found guilty and a fine of thirty dollars was assessed against each. The case is here on their appeal.

As in the Brown case, after announcing ready for trial, defendants presented a motion to quash the information alleging the same grounds as were alleged in the motion to quash in that case, and they make the same complaint in this appeal as in that concerning the omission from the information of the names of the witnesses for the prosecution. We covered that point fully in the opinion in the Brown case and reference thereto is made for the discussion.

Appellants also contend in this case as they do in the Brown case that the trial court should have sustained their motion to quash the information upon the ground, therein alleged, that no offense prohibited by the laws of the state of Missouri was charged therein. As we have said, the information follows the same form as that in the Brown case. We disposed of this question in the opinion in that case and adopt what we there said as a part of this opinion.

Appellants assign as error the action of the trial court in refusing at the close of the state's evidence in chief to give a peremptory instruction to the jury to

find the defendants not guilty. The state offered only one witness, the deputy sheriff who apprehended the defendants. He testified that on September 14, 1911, he watched eleven or twelve men (defendants among them) playing dice about twenty-three steps from where he lay. "They were all down around an old blanket or coat or something or other of the kind, shooting dice, talking of what they were betting. Each one would take his shot. I heard Johnson say once, 'I have got three dollars in there; I am not betting but one.' 1 lay there and watched them as long as I wanted to, until they begun to leave, and then I got up. Q. They saw you before they got away? A. Oh yes. Perhaps some of them begun to leave. Perhaps Higgins never saw me, but all the rest did. I lay there until they begun to leave—some three or four of them still there. . . . Q. State what you saw about the game there, if anything? A. Well, I saw them throw and heard them call what they were shooting. I heard them call their bets and what they were shooting for. Q. Could you see the dice thrown out on the blanket? A. Yes, sir; I saw the dice in this game. Q You say Johnson said he had three dollars in there but was only betting one? A. 'I have got three dollars in there; I am only betting one.' " He stated on cross-examination that he heard the money rattle and change hands in the game.

Defendants did not testify. It seems that some of those engaged in this same game were tried in a justice's court before this case was tried in the circuit court. Defendants in this case by two witnesses sought to show that the state's witness in this case testified in that case before the justice and that he stated in that case that he did not see or hear any money and that he only saw the motions of the arms and two checks of Dade county banks. This attempt to impeach the state's witness was the extent of the evidence offered by the defendants and the jury had a right to

believe the state's witness on that question. We think the state made a prima facie case. The court gave an instruction for the defendants that the jury must find that *money* and not bank checks was played for in order to justify a conviction. Also an instruction that "the jury may find all the defendants guilty, or any one or more of them; or the jury may acquit all the defendants, as you may, under the evidence and instructions of the court, feel warranted in doing." We think the defendants had a fair trial and were afforded every opportunity to prove their innocence. For the reasons herein appearing it is manifest that the judgment should be affirmed and it is so ordered. All concur.